IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ENVIRONMENTAL AIR, INC., )
        Plaintiff, )
)
    v. ) Civil Action No. 11-1043
)
WHEELING AND LAKE ERIE RAILWAY )
COMPANY, )
        Defendant/Third )
        Party Plaintiff, )
)
    v. )
)
CITY OF PITTSBURGH, ET AL., )
        Third Party )
        Defendants. )

MEMORANDUM

Gary L. Lancaster,                          January 3, 2012
Chief Judge.

      This is an action in tort. Plaintiff, Environmental Air, Inc. ("Environmental Air"), alleges that defendant, Wheeling and Lake Erie Railway Company ("Wheeling"), negligently constructed and maintained storm waterways on its property, causing flood damage to the commercial property owned by Environmental Air. Wheeling, as third-party plaintiff, filed a complaint for contribution against third party defendants, City of Pittsburgh, Pittsburgh Water and Sewer Authority ("PWSA"), Elm Realty Services, Inc. d/b/a Warrior Hills Partners, Penn South Development d/b/a Warrior Hills Partners, Deauville

1

Management Co. d/b/a Warrior Hills Partners, and Oakbrook Homeowners Association. Wheeling alleges that third-party defendant PWSA negligently maintained storm water management facilities and storm sewers, thereby increasing the flow of storm water and causing the damage suffered by Environmental Air.

Third-party defendant PWSA has filed a motion to dismiss, arguing that Wheeling's claim is barred by the Political Subdivision Tort Claims Act ("PSTCA"). Wheeling argues that the claim falls within the utility service facilities exception to the PSTCA.

For the reasons set forth below, the motion to dismiss will be granted without prejudice to Wheeling's right to file an amended complaint.

I. Background

Accepting Wheeling's allegations as true, the following is the factual predicate of the case against third-party defendant PWSA.

From March through June 2010, flooding caused extensive damage to the commercial property owned by Environmental Air at 1100 McCartney Street in the West End of Pittsburgh. On August 12, 2011, plaintiff Environmental Air filed suit against third-party plaintiff Wheeling, alleging that

2

Wheeling, as the owner of higher land, diverted water from its natural channel and unreasonably increased the quantity of water discharged onto Environmental Air's commercial property. [Doc. No. 1-1]. Specifically, Environmental Air alleges that Wheeling negligently constructed a thirty-six inch drain, resulting in artificial diversion of water onto Environmental Air's property. Id.

On November 16, 2011, Wheeling filed an amended third-party complaint, naming PWSA as a third-party defendant. [Doc. No. 45]. According to the third-party complaint, Wheeling has owned and operated rail lines running through the West End of the City of Pittsburgh for over 100 years. Recent residential development in the area of Oakbrook Circle, located above Kearns Avenue, dramatically increased the amount of surface water flowing downhill onto Wheeling's tracks. [Doc. No. 45, ¶ 12-14]. There are three related storm water sewers along Kearns Avenue, to the west of Wheeling's tracks before the tracks cross over Greentree Road. The first sewer includes inlets, catch basins and storm grates along Kearns Avenue, designed to direct water into the second sewer. The second sewer, a stream on the eastern side of Kearns Avenue, is a natural water course adopted by PWSA as part of its storm water sewer system. The stream flows into the third sewer, a man-made storm sewer, near the bottom of Kearns Avenue. [Id. at ¶ 35-37]. Storm water flow

above the tracks carried earth, silt, debris, and other material into the sewers above and below the tracks, limiting their ability to carry storm water. [Id. at § 27]. PWSA was responsible for maintaining and repairing the second and third sewers, and for removing accumulation of filth, debris, and other materials that obstruct the flow of water.

Wheeling asserts that PWSA had actual, written notice of storm water problems along Kearns Avenue well before the events alleged in the complaint, and that it was feasible for PWSA to clean out and install bollards in the man-made sewer near the bottom of Kearns Avenue before the flooding occurred. [Doc. No. 45, ¶ 42-43].

II. Standard of Review

To survive a motion to dismiss, a plaintiff must allege sufficient facts that, if accepted as true, state "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570)). A claim has facial plausibility when a plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant may be liable for the misconduct alleged. Iqbal, 129 S.Ct. at 1949. However, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Iqbal, 129 S.Ct. at 1950 (quoting Twombly, 550 U.S. at 555));

4

see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("The District Court . . . may disregard any legal conclusions."). The facts alleged in the complaint, but not the legal conclusions, must be taken as true and all reasonable inferences must be drawn in favor of plaintiff. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555.

We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. Twombly, 550 U.S. at 556, 563 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. at 556. In short, the motion to dismiss should not be granted if plaintiff alleges facts which could, if established at trial, entitle him to relief. Id. at 563 n.8.

III. Discussion

The Political Subdivision Tort Claim Act, 42 Pa. Const. Stat. §§ 8541 et seq. ("Act"), grants broad immunity to local agencies: "Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." § 8541. However, the Act also provides for limited exceptions

to immunity. A local agency is liable for damages if (1) the damages would be recoverable under common law or statute, if no immunity was available; and (2) the injury was caused by the negligent acts of the agency or its employees acting within the scope of their duties "with respect to" one of eight enumerated categories. § 8542(a). One such category, "utility service facilities," permits liability for the agency's acts in the following circumstances:

> A dangerous condition of the facilities of steam, sewer, water, gas or electric systems owned by the local agency and located within rights-of-way, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

§ 8542(b)(5).

PWSA's status as a local agency, within the meaning of the Act, is not disputed by the parties. PWSA does not contest Wheeling's prima facie negligence case. The issue is whether Wheeling pled facts sufficient to overcome the Act's grant of immunity, by triggering the utility service facilities exception.

The first requirement of the Act is met: damages would be recoverable under the common law if the injury were caused by an entity without an immunity defense. See Yulis v. Ebensburg Borough, 128 A.2d 118, 120 (Pa. Super. Ct. 1956) (summarizing the law with respect to municipal liability for sewer-related damages); Siegfried v. South Bethlehem Borough, 27 Pa. Super. 456, 460 (Pa. Super. Ct. 1905)(holding that a city is liable if it is negligent in constructing, maintaining or repairing its sewers, whether those sewers are natural water courses adopted for drainage or artificial channels). Wheeling also satisfied part of the Act's second requirement, by alleging that the negligent acts of PWSA caused the injury.

To fully satisfy the second requirement, plaintiff must trigger the utility service facilities exception by pleading four elements. Plaintiff must allege that: (1) a "dangerous condition" of the sewer facilities existed; (2) the facility at issue is "owned by the local agency and located within rights-of-way"; (3) the dangerous condition "created a reasonably foreseeable risk" of flooding; and (4) the local agency had actual notice, or could reasonably be charged with notice, prior to the event, sufficient to allow it to take protective measures against the dangerous condition.

Wheeling has not pled facts sufficient to allow the court to draw the reasonable inference that PWSA may be liable

for the misconduct alleged. Wheeling satisfied the first and third elements by pleading that water carried earth, silt, debris, and other materials into the sewers, limiting their ability to carry storm water. The court can infer that a debris-filled sewer causes a foreseeable risk of flooding. Wheeling also properly alleged that the local agency had actual, written notice of the condition, satisfying the fourth element.

With respect to the second element, Wheeling did not explicitly allege that the sewers in question were owned by PWSA and located in a right-of-way. Wheeling alleged only that one of the sewers was "adopted" by PWSA as part of its storm sewer system, and another one was a "man-made storm sewer" that PWSA was responsible for maintaining and repairing. Although the court will draw reasonable factual inferences to aid the pleader when considering a Rule 12(b)(6) motion, the complaint provides no basis from which we can infer that the sewer is located within a right-of-way. The allegations that one sewer was "adopted by" PWSA and that PWSA was responsible for sewer maintenance are not sufficient. Cf. D.P. Enter., Inc. v. Bucks County Cmty. College, 725 F.2d 943, 944-45 (3d Cir. 1984) (finding plaintiff's averment that a tank was located on defendant's "premises" sufficient to satisfy the "right-of-way" element for purposes of a Rule 12(b)(6) motion).

Because Wheeling otherwise alleged facts sufficient to survive a Rule 12(b)(6) motion, the court will dismiss without prejudice and grant leave for Wheeling to file a second amended third-party complaint.

IV. Conclusion

Accordingly, the court will grant PWSA's motion, dismissing Wheeling's third party complaint with respect to PWSA without prejudice. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ENVIRONMENTAL AIR, INC., )
    Plaintiff, )
)
v. ) Civil Action No. 11-1043
)
WHEELING AND LAKE ERIE RAILWAY )
COMPANY, )
    Defendant/Third )
    Party Plaintiff, )
)
v. )
)
CITY OF PITTSBURGH, ET AL., )
    Third Party )
    Defendants. )

ORDER

AND NOW, this 3rd day of January, 2012, upon consideration of defendant Pittsburgh Water and Sewer Authority's motion to dismiss, and any responses thereto, IT IS HEREBY ORDERED that defendant's motion is GRANTED, and the Third Party Complaint against defendant Pittsburgh Water and Sewer Authority is hereby dismissed without prejudice.

BY THE COURT:

_____, C.J.
Hon. Gary L. Lancaster,
Chief United States District Judge

cc: All Counsel of Record