IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ENVIRONMENTAL AIR, INC.,<br>        Plaintiff,<br><br>        v.<br><br>WHEELING AND LAKE ERIE RAILWAY COMPANY, CITY OF PITTSBURGH, PITTSBURGH WATER AND SEWER AUTHORITY, ELM REALTY SERVICES, INC., d/b/a WARRIOR HILLS PARTNERS, PENN SOUTH DEVELOPMENT d/b/a WARRIOR HILLS PARTNERS, DEAUVILLE MANAGEMENT CO., d/b/a WARRIOR HILLS PARTNERS, and OAKBROOK HOMEOWNERS ASSOCIATION,<br>        Defendants,<br><br>        v.<br><br>CITY OF PITTSBURGH, PITTSBURGH WATER AND SEWER AUTHORITY, ELM REALTY SERVICES, INC., d/b/a WARRIOR HILLS PARTNERS, PENN SOUTH DEVELOPMENT d/b/a WARRIOR HILLS PARTNERS, DEAUVILLE MANAGEMENT CO., d/b/a WARRIOR HILLS PARTNERS, and OAKBROOK HOMEOWNERS ASSOCIATION,<br>        Third Party Defendants. | Civil Action No. 11-1043 |

<u>MEMORANDUM</u>

Gary L. Lancaster,                                       June 7th, 2012
Chief Judge.

       This is an action in tort. Plaintiff, Environmental Air, Inc. ("Environmental Air") originally sued Wheeling and

Lake Erie Railway Company ("Wheeling") in the Court of Common Pleas of Allegheny County, alleging that Wheeling's negligent construction and maintenance of storm water management facilities caused flood damage to Environmental Air's commercial property located in the West End neighborhood of Pittsburgh. Wheeling removed the case to this court in August 2011. Wheeling filed a third-party complaint for contribution against City of Pittsburgh, Pittsburgh Water and Sewer Authority ("PWSA"), Elm Realty Services, Inc. d/b/a/ Warrior Hills Partners ("Elm"), Penn South Development d/b/a Warrior Hills Partners ("Penn South"), Deauville Management Co d/b/a Warrior Hills Partners ("Deauville"), and Oakbrook Homeowners Association ("Oakbrook") alleging that these third-party defendants were in fact liable for Environmental Air's property damage. In March 2012, Environmental Air filed an amended complaint in which it asserted direct claims for liability against the third-party defendants. The third-party defendants are citizens of Pennsylvania, as is Environmental Air.

Elm, Deauville and Oakbrook ("movants") have jointly filed a motion to dismiss Environmental Air's amended complaint, or in the alternative, to remand the action to state court, on the ground that diversity jurisdiction has been destroyed by Environmental Air's amended complaint. [Doc. No. 95]. Movants also argue that the court should award costs, expenses and

attorney's fees incurred in defending the action following Environmental Air's filing of the amended complaint. Environmental Air does not oppose the motion to remand, but argues that its actions were in no way dilatory or inappropriate, and therefore costs and expenses should not be awarded. Defendant Wheeling opposes the motion to remand, and instead asks the court to dismiss plaintiff's direct claims against movants if necessary to preserve subject matter jurisdiction.[1]

For the reasons set forth below, the motion to remand will be granted, without costs or expenses.

I. BACKGROUND

Plaintiff, Environmental Air, a Pennsylvania corporation with a principal place of business in Pennsylvania, filed its original complaint in the Court of Common Pleas of Allegheny County, Pennsylvania, in July 2011. Wheeling, a Delaware corporation with its principal place of business in Ohio, was the only defendant. On August 12, 2011, Wheeling removed the case to this court. Subject matter jurisdiction was predicated on diversity of citizenship, consistent with 28

---

[1] Wheeling takes no position on whether the court has subject matter jurisdiction over the dispute, and asks for the partial dismissal only if the court finds that it lacks subject matter jurisdiction.

3

U.S.C. §§ 1332(a) and 1441(b). Wheeling immediately filed a third-party complaint on August 23, 2011, naming the City of Pittsburgh, PWSA, Elm, Penn South, and Deauville as third-party defendants. Wheeling subsequently filed an amended third-party complaint in November 2011, adding Oakbrook as a third-party defendant. [Doc. No. 45]. Following this court's dismissal of Wheeling's claim against PWSA [Doc. No. 55], Wheeling filed a second amended third-party complaint in January 2012 alleging all facts necessary to maintain a claim against PWSA [Doc. No. 62]. It is undisputed that Elm, Deauville and Oakbrook are all Pennsylvania corporations. However, non-diversity between a plaintiff and a third-party defendant does not destroy complete diversity for purposes of subject matter jurisdiction predicated on diversity of citizenship. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 67 n.1 (1996). Therefore, Wheeling's third-party claims against the movants had no effect on this court's subject matter jurisdiction.

On February 17, 2012, Environmental Air filed a motion for leave to file an amended complaint. The motion indicated that Environmental Air intended to assert direct claims against the third-party defendants. The court granted the motion, and Environmental Air filed an amended complaint on March 2, 2012, naming as defendants all the parties previously identified as third-party defendants, in addition to Wheeling. [Doc. No. 77].

4

The parties participated in an unsuccessful mediation on March 27. The movants filed the instant motion on April 12, 2012.

II. <u>DISCUSSION</u>

The subject matter jurisdiction of federal courts is limited first by Article III of the Constitution, and second by Acts of Congress. <u>Owen Equipment and Erection Company v. Kroger</u>, 437 U.S. 365, 372 (1978). Subject matter jurisdiction upon removal is governed by 28 U.S.C. § 1441(b), which references the statute governing jurisdiction based on diversity of citizenship. That statute, 28 U.S.C. § 1332(a), grants jurisdiction to federal district courts over "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of different States." Courts have consistently held that this statute requires complete diversity of citizenship, <u>i.e.</u>, that each defendant must be a citizen of a different state than each plaintiff. <u>Owen Equipment</u>, 437 U.S. at 373. Supplemental jurisdiction for specific claims is unavailable if exercising such jurisdiction "would be inconsistent with the jurisdictional requirements of section 1332." 28 U.S.C. § 1367(b). Removal does not change the requirements of section 1332(a); neither the removal statutes nor the Federal Rules of Civil Procedure alter the statutory

5

requirements for subject matter jurisdiction based on diversity of citizenship.

Both movants and Wheeling suggest that the court's actions at this juncture are governed by 28 U.S.C. 1447(e), which states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."[2] We are to permit the joinder of non-diverse parties and remand "if doing so would be fair and equitable, and promote judicial economy." Massaro v. Bard Access Sys., Inc., 209 F.R.D. 363, 368 (E.D. Pa. 2002).

Apart from the authority granted to the court in section 1447(e), the court may always remand or dismiss claims if subject matter jurisdiction is lacking. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Because Environmental Air and movants are all citizens of Pennsylvania, there is no question that the court lacks

---

[2] The parties do not directly address whether 28 U.S.C. § 1447(e) permits the court to dismiss claims following joinder of a non-diverse party, as suggested by Wheeling. The plain language of the statute deals only with denial of joinder, rather than dismissal of claims or parties following joinder.

6

subject matter jurisdiction over the suit in its current configuration.

Considerations of judicial efficiency weigh heavily against Wheeling's suggestion that Environmental Air's direct claims be dismissed and addressed separately in state court. Environmental Air's direct claims are essentially identical to the claims in Wheeling's third-party complaint. Litigating the direct claims in another forum would lead to parallel, duplicative proceedings in federal and state court. Environmental Air's newly-asserted direct claims allow the state court, on remand, to resolve the entire dispute in one step, rather than two. That is, the state court can determine whether any defendant was negligent as part of Environmental Air's primary suit, rather than this court considering Environmental Air's claims against Wheeling and the state court considering Wheeling's claims against the third-party defendants.

Finally, the court finds Wheeling's other arguments in favor of dismissing Environmental Air's direct claims against the non-diverse defendants to be insufficient to outweigh the efficiency of litigating the matter as a whole in state court. There is no indication that the purpose of Environmental Air's amended complaint was to defeat diversity jurisdiction. Rather, Environmental Air seemed to be under the mistaken impression that subject matter jurisdiction was not disturbed by the

amendment and could be maintained under 28 U.S.C. § 1367. The court is also not convinced that Environmental Air was dilatory in seeking to amend its complaint. Although Environmental Air became aware of most third-party defendants in August 2011, one movant was not identified until Wheeling filed an amended third-party complaint in November 2011. Ongoing discovery between November 2011 and February 2012 could have reasonably affected Environmental Air's decision to amend its complaint.

Defenses based on federal law do not create federal question subject matter jurisdiction in federal court. 28 U.S.C. § 1331; Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987). In addition, the court finds that Wheeling will not be prejudiced by litigating affirmative defenses based on federal statute in state court. Although the federal courts may be more familiar with federal statutes, the state courts are assumed to be capable of ruling on federal defenses. Finally, the majority of the time and resources invested in discovery in this matter will not go to waste, as the parties may draw on the discovery materials as they litigate the matter in state court.

The costs and expenses provision of 28 U.S.C. § 1447(c) provides for reimbursement due to abuses of the removal procedures. See Martin v. Franklin Capital Corp., 546 U.S. 132, 140 (2005) ("The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought

for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter . . ."). Because removal was proper when executed here, no costs or expenses will be awarded.

III. CONCLUSION

For the foregoing reasons, movants' motion to remand the entire matter to state court is granted. An appropriate order will be filed contemporaneously with this memorandum.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ENVIRONMENTAL AIR, INC., )<br>        Plaintiff, )<br>)<br>v. )<br>)<br>WHEELING AND LAKE ERIE RAILWAY )<br>COMPANY, CITY OF PITTSBURGH, )<br>PITTSBURGH WATER AND SEWER )<br>AUTHORITY, ELM REALTY SERVICES, )<br>INC., d/b/a WARRIOR HILLS )<br>PARTNERS, PENN SOUTH DEVELOPMENT )<br>d/b/a WARRIOR HILLS PARTNERS, )<br>DEAUVILLE MANAGEMENT CO., d/b/a )<br>WARRIOR HILLS PARTNERS, and )<br>OAKBROOK HOMEOWNERS ASSOCIATION, )<br>)<br>        Defendants, )<br>)<br>v. )<br>)<br>CITY OF PITTSBURGH, PITTSBURGH )<br>WATER AND SEWER AUTHORITY, ELM )<br>REALTY SERVICES, INC., d/b/a )<br>WARRIOR HILLS PARTNERS, PENN )<br>SOUTH DEVELOPMENT d/b/a WARRIOR )<br>HILLS PARTNERS, DEAUVILLE )<br>MANAGEMENT CO., d/b/a WARRIOR )<br>HILLS PARTNERS, and OAKBROOK )<br>HOMEOWNERS ASSOCIATION, )<br>)<br>        Third Party )<br>        Defendants. ) | Civil Action No. 11-1043 |

ORDER

AND NOW, this 7th day of June, 2012, in response to the Joint Motion to Dismiss Plaintiff's Amended Complaint or Remand filed by Elm Realty Services, Inc., Deauville Management

Company, and Oakbrook Homeowners Association [Doc. No. 95], IT IS HEREBY ORDERED that this action is REMANDED to the Court of Common Pleas of Allegheny County, Pennsylvania.

Oakbrook Homeowners Association's Motion for Protective Order and Motion for Extension of Time to Complete Discovery [Doc. No. 114] are DENIED as moot.

The Clerk of Courts is directed to return the record in this case to the state court and mark this case CLOSED.

BY THE COURT,

_____, C.J.

cc:  All Counsel of Record